The questions raised herein being moot, the appeal is dismissed.

---

**Ed NAUERTZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43825.**

Court of Criminal Appeals of Texas.

June 2, 1971.

Charles M. Burdeaux, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Andy Tobias, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The appeal is from a conviction for the sale of methamphetamine, a dangerous drug. The punishment of three years was assessed by the jury.

The sole contention of appellant is that the State did not prove the chain of custody of the drug from the time of the arrest until it was introduced into evidence.

Gary Gray testified that on the 25th day of November, 1969, he was an undercover agent for the Texas Department of Public Safety when the appellant asked if he wished to buy some crystal, a term used for speed or methamphetamine for $15 a gram.

The drug in a package marked as State's Exhibit No. 1 was introduced without objection after Gray identified it and testified that he dated and initialed it after it was delivered to him by the appellant.

George Taft, a chemist for the Texas Department of Public Safety, testified that he received the sealed package, State's Exhibit No. 1, by United States mail at the

laboratory in Austin and placed a case number upon the package. He unsealed and analyzed the contents of the package and found that it contained methylamphetamine hydrochloride.

The appellant testified that Gray asked him to buy some crystal. He testified that Gray gave him $15 and he (the appellant) used all the money and bought the methylamphetamine from a friend in Bellaire for Gray.

Gray identified the package as the one he sealed and mailed to the laboratory. Taft, the chemist, testified that he received and opened the sealed package and it contained methylamphetamine. We hold the chain of custody was adequately proved.

No error has been shown.

The judgment is affirmed.